UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DAVID BAUER, | ) |
| Plaintiff. | ) ) ) |
| v. | ) File No. _____ |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | ) ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES

COMES NOW Plaintiff DAVID BAUER, by and through his undersigned attorney, and sues Defendant DYNAMIC RECOVERY SOLUTIONS, LLC and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff, an individual consumer, against Defendant for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* (hereinafter, "FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statute §559.55, *et. seq.* (hereinafter, "FCCPA").

2. The FDCPA prohibits debt collectors from engaging in unfair, abusive, deceptive or misleading practices while attempting to collect a debt.

3. The FCCPA prohibits all persons from engaging in unfair, abusive, deceptive or misleading practices while attempting to collect a debt.

1

## JURISDICTION AND VENUE

4. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 *et. seq*, the TCPA, 47 U.S.C. §227, *et. seq*, and the FCCPA, Florida Statute §559.55, *et. seq*.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(B) because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

6. Plaintiff is an individual who resides in Hillsborough County, Florida, and has resided in Hillsborough County, Florida at all times relevant to this action.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a natural person allegedly obligated to pay a consumer debt.

8. Defendant is a South Carolina limited liability corporation with a primary address at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

9. Defendant's Florida Registered Agent is NRAI Services, Inc., 515 E. Park Ave, Tallahassee, Florida 32301.

10. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), in that it represented it was a company collecting a consumer debt on behalf of another party and allegedly owed to that other party by Plaintiff.

11. Defendant is licensed by the Florida Office of Financial Regulation to engage in the collection of consumer debts.

12. The aforementioned debt alleged is a "debt" within the meaning of 15 U.S.C.

§ 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which were the subject to the transaction were primarily for personal, family, and/or household purposes.

13.   Defendant is subject to the provisions of the FDCPA and FCCPA, and is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1331, to 15 U.S.C. §1692k(d), and to 28 U.S.C. § 1367 for pendent state law claims.

## FACTUAL ALLEGATIONS

14.   On or about April 11, 2012, Defendant called Plaintiff and left a message, stating in its entirety: "Yes, this is Jay Allen Smith with the Office of Dynamic Recovery Solutions. Our office has this number in our files regarding a very important matter. It is, uh, obviously pretty important at this point that somebody returns the call as soon as possible. The number I can be reached at is 1-866-295-9370. Again, 1-866-295-9370. You may also call me back at the number on the CallerID, that is my direct line. Obviously it is very important or I wouldn't call, but I do have this number registered in our office regarding a very important private matter that I need to discuss with you. Please contact me as soon as possible."

15.   A voicemail message is "communication" as defined by the FDCPA; see Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006).

16.   At no point in the aforementioned communication did Defendant identify themselves as a debt collector.

17.   On or about April 12, 2012, Plaintiff called Defendant back, and a

3

representative who identified herself as "Brenda Smith" ("Smith") stated she "had some documents in her office that I need to go over with you for finalization.... This is in regard to a breach of contract with CitiCard. The account was opened in 1995 and you paid for 5 years before it went delinquent. You currently have a legal balance of $14,764. Since they are in the process of finalizing this as an uncollectible debt, we're contacting you to see how we can work with you to resolve this voluntarily."

18. When Plaintiff asked, "What do you mean, 'resolve it voluntarily,'" Smith replied, "There's a couple of ways they can handle it. There's a wage and asset search, according to the laws of your jurisdiction. Or they can issue a 1099-C through the IRS, giving you a tax liability on this. I can work with you, and make payment arrangements on this... if we don't do anything, they are going to go ahead and take action on this."

19. Plaintiff disputed the debt, and asked Smith what she meant by the reference to a 1099-C. Smith replied that if that was filed by CitiCard, "It means it would be turned in to the I.R.S. for the full $14,764, and you'll be required to count that as income."

20. When Plaintiff stated he didn't believe he owed this debt as he didn't see it on his credit report, Smith stated that while it may "have dropped off due to age," if CitiCard filed a 1099-C "it would go back on your credit report again."

21. On or about June 11, 2012, Defendant called Plaintiff and left a message, stating in its entirety: "Yea, this is Mr. Shoal. We have this as a contact number regarding a matter in our office. Please call us as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important we

receive a return call as soon as possible; I appreciate your cooperation."

22. At no point in the message did Defendant identify themselves as a debt collector.

23. Plaintiff returned the call, and a representative identifying herself as "Sonja" answered. She stated "The reason why you're getting a phone call from our office is we're having to finalize a breach of contract, today, that's been pending." "Sonja" then went on to state it was regarding "a Visa card."

24. When Plaintiff asked what kind of Visa card, "Sonja" did not reply, but rather stated, "I'm just calling to document your intentions on this, to see if you want to resolve it voluntarily."

25. Plaintiff has engaged the services of the undersigned attorney regarding this alleged debt and any others alleged by Defendant, now or in the future, and is obligated to pay him a reasonable fee.

## COUNT I

### (*Violations of the FDCPA*)

26. Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. FDCPA §807(11) requires that in any communication by a debt collector, the debt collector state that he or she is a debt collector, and any information obtained will be used for that purpose.

28. Voicemail messages are communications as defined by the FDCPA, to wit:

5

"the conveying of information regarding a debt directly or indirectly to any person through any medium."

29. In both of the aforementioned voicemails left by Defendant, no disclaimer was stated that the communication was from a debt collector; by doing this, Defendant violated the FDCPA at §807(11).

30. FDCPA §807 prohibits a debt collector from using "any false, deceptive, or misleading representation or means in the connection with the collection of any debt."

31. Further, FDCPA §807(2)(a) prohibits a debt collector form making false representation of the character, amount, or legal status of any debt.

32. Multiple times, Defendant alleged that the debt in question was owned by either CitiBank or CitiCard, when, in fact, CitiBank had sold the account in question to a "junk debt buyer" nearly a decade previously and is no longer the owner of the account.

33. Defendant alleged in the June 11, 2012 conversation that while the alleged debt had been delinquent since 2000, and thus was far beyond the seven-year statute of limitations prescribed by the Fair Credit Reporting Act ("FCRA") to report the account to any consumer credit reporting agency, it would be re-reported in the event CitiBank filed a 1099-C with the IRS.

34. The FCRA dictates that the reporting period runs from the date of delinquency, not the date of last activity.

35. Any attempt to report such a debt to a consumer credit bureau would require making false reference to the date of delinquency, in violation of the FCRA. As such,

Defendant's statement was patently false and misleading, and a violation of the FDCPA §807.

36.  Defendant, on several occasions, implied that Plaintiff's wages or assets could be garnished for non-payment of the account it was collecting on. Even in the event the debt alleged by Defendant was valid, based on Defendant's statement that the account went delinquent in 2000, the statute of limitations to enforce the debt in a court of law would have expired in 2005. Since Defendant knew the debt was thus time-barred, it wilfully and purposefully engaged in deception in an attempt to collect the debt from Plaintiff, in violation of the FDCPA §807(e)(2)(a).

37.  FDCPA §807(5) prohibits a debt collector from making any threat to take action which cannot be legally taken, or is not intended to be taken.

38.  Defendant knew that CitiBank was not the owner of the account in question, and that not only did it have no plans to file a cancellation of debt (1099-C) with the I.R.S., it legally could not file such a form with the I.R.S. since it was not the owner of the account.

39.  Nonetheless, it repeatedly attempted to use this threat to coerce Plaintiff into paying a nearly $15,000 debt it alleged, in violation of FDCPA § 807 (5).

**WHEREFORE,** Plaintiff demands judgment against Defendant for:

a.  Statutory damages of $1,000.00 pursuant to the FDCPA; and,

b.  Unspecified actual damages; and,

c.  Costs pursuant to the FDCPA; and,

d.  Attorneys' fees pursuant to the FDCPA; and

  e. Equitable relief enjoining Defendant from further violations of the FDCPA; and,

  f. Such other relief that this Court deems just and proper

## COUNT II

### (*Violations of the FCCPA*)

40. Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint as if fully set forth herein.

41. FCCPA § 559.72 (9) prohibits all persons from claiming or asserting a legal right which does not exist.

42. Defendant stated to Plaintiff, in connection with an attempt to collect a debt, that an I.R.S. form 1099-C, "Cancellation of Debt" would be filed by CitiCard unless he settled the alleged debt immediately.

43. Defendant knew that CitiCard had sold the account in question many years ago, and thus had no legal right or title to it whatsoever, and would not, and could not, file a 1099-C with the I.R.S.

44. Defendant implied that non-payment would result in wage and asset seizure, when it knew that such action could only be done with a court order, and that the applicable statute of limitations on the alleged debt, even if valid, would have expired in 2005.

45. As the result of the foregoing, Defendant violated the aforementioned section of the FCCPA.

46. FCCPA §559.72(12) prohibits any person from orally communicating in a

fashion to give the false impression that the individual is, or is associated with, an attorney.

47. Defendant repeatedly used terms and phrases that would imply it was or is an attorney's office or is associated with one.

48. For example, in one voicemail message, Defendant's employee called stated he was "from the office of Dynamic Recovery Solutions." Defendant's employees frequently used phrases like "breach of contract," or that the debt was "a file in our office."

49. By utilizing these practices, Defendant violated the aforementioned section of the FCCPA.

**WHEREFORE,** Plaintiff demands judgment against Defendant for:

a. Statutory damages of $1,000.00 for each violation of the FCCPA shown to have occurred at different times; and,

b. Unspecified actual damages; and,

c. Costs pursuant to the FDCPA; and,

d. Attorneys' fees pursuant to the FDCPA; and

e. Equitable relief enjoining Defendant from further violations of the FDCPA; and,

f. Such other relief that this Court deems just and proper

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.


## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
COUNTY OF HILLSBOROUGH      )

Pursuant to 28 U.S.C. § 1746, DAVID BAUER, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Verified Complaint prepared by my attorney and I believe that all facts contained in it are true, to the best of my knowledge, information and belief.
3. I believe that this civil Verified Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Verified Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in this Verified Complaint.
5. I have filed this civil Verified Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____Feb____ , __1__ , __2013__
              Month      Day      Year

Signature: ____[signature]____
           DAVID BAUER

SWORN TO AND SUBSCRIBED before me on this __1st__ day of ~~January~~ Feb, 2013, by DAVID BAUER, who ☒ is personally known to me, or who ☐ has produced his Florida Drivers License # _____ as identification, and who did take an oath, and attested that all of the facts and allegations contained in the foregoing Complaint are true and correct.

_____[signature]_____
Notary Public

10

**CRUZ TIRADO-HERNANDEZ**
Notary Public - State of Florida
My Comm. Expires May 3, 2016
Commission # EE 195447
Bonded Through National Notary Assn.

Respectfully submitted this \_\_1ST\_\_ day of \_\_FEBRUARY\_\_, 2013, by:

_____
Eugene P. Castagliuolo, Esquire
Florida Bar Number: 104360
**CASTAGLIUOLO LAW, P. A.**
801 West Bay Drive
Suite 301
Largo, FL   33770
(727) 712-3333
Eugene@TampaConsumerLawyer.com
*Attorney for David Bauer*

11